UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 3:09-00252
                                  )          JUDGE CAMPBELL
JUAN ANTONIO SANCHEZ, et al.      )


MEMORANDUM AND ORDER

I. Introduction

Pending before the Court are Defendant Juan Sanchez's Motion To Sever Offenses And

Parties (Docket No. 152), Defendant Eric Sanchez's Motion For Severance (Docket No. 160),

and Ms. Avila's Response To Defendant Juan Sanchez's Motion For Severance & Motion To

Adopt Argument Based On Fed. R. Crim. P. 8 (Docket No. 159). The Court held a hearing on

the Motions on April 4, 2011. Ms. Avila's Motion To Adopt Argument Based On Fed. R. Crim.

P. 8 is GRANTED. In all other respects, the Motions are DENIED for the reasons set forth

below.

II. Factual and Procedural Background

The Superseding Indictment (Docket No. 47) in this case charges the following: Count

One charges Defendant Eric Sanchez with assault with a dangerous weapon in aid of

racketeering, in violation of 18 U.S.C. § 1959(a)(3), occurring on or about May 5, 2009; Count

Two charges Defendant Eric Sanchez with attempted murder in aid of racketeering, in violation

of 18 U.S.C. § 1959(a)(5), occurring on or about May 5, 2009; Count Three charges Defendant

1

Juan Sanchez with being an accessory after the fact to violent crime in aid of racketeering, in violation of 18 U.S.C. § 3, occurring on or about May 5 to May 6, 2009; Count Four charges Defendant Eric Sanchez with possessing and discharging a firearm in furtherance of crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), occurring on or about May 5, 2009; Count Five charges Defendants Juan Sanchez, Eric Sanchez and Beatriz Avila with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924, and 2, occurring on or about May 6, 2009; and Count Six charges Defendants Juan Sanchez, Eric Sanchez, and Beatriz Avila with possession of stolen firearms (the same firearms listed in Count Five), in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2, occurring on or about May 6, 2009.

Through his Motion, Defendant Juan Sanchez seeks to sever the racketeering charge against him in Count Three from the firearms charges against him in Counts Five and Six. He also seeks a separate trial from Defendant Eric Sanchez because he contends that Eric Sanchez is an important witness to his defense. Defendant Eric Sanchez seeks to sever the racketeering charges against him in Counts One, Two and Four from the firearms charges against him in Counts Five and Six. He also seeks a separate trial from Defendant Juan Sanchez because he contends that Juan Sanchez is an important witness to his defense. Defendant Avila adopts the Co-Defendants' motions regarding the severance of counts.

Granting the Defendants the relief they seek through these motions will require the Court to hold three separate trials: One trial for all three Defendants on the firearms charges in Counts Five and Six; another trial for Defendant Eric Sanchez on the remaining charges in Counts One, Two, and Four; and a third trial for Defendant Juan Sanchez on the remaining charge in Count Three.

The Defendants' first argument in support of severance of counts is that the counts were improperly joined under Fed. R. Crim. P. 8(a). Rule 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

According to the Defendants, there is no relation as to time, physical proximity, or proof between the firearms charges and the other charges. On the other hand, the Government argues that the charges are all weapons-related offenses, and they are all alleged to have taken place within a two-day period.

Defendants cite United States v. Chavis, 296 F.3d 450, 456-64 (6th Cir. 2002), to support their argument. In Chavis, the court held that joinder was improper where a June 1999 cocaine possession charge was not part of the "same act or transaction" as a September 1997 purchase of a handgun charge for purposes of Rule 8(a). Id. The court went on to find, however, that the error was harmless. Id. In reaching its decision, the court stated that the propriety of joinder under Rule 8(a) is "determined by the allegations on the face of the indictment." Id., at 456. See also United States v. Locklear, 631 F.3d 364, 368-69 (6th Cir. 2011).

Applying Chavis, the Court concludes that the allegations on the face of the Superseding Indictment in this case indicate that joinder of the various counts was proper. Although the Defendants characterize Count Four as a "racketeering charge," it actually alleges a violation of the Federal Firearms Statute, 18 U.S.C. §§ 921, et seq., specifically 18 U.S.C. Section 924(c)(1)(A)(iii). Counts Five and Six also allege violations of Federal Firearms Statute, specifically 18 U.S.C. Sections 922(g)(1), 922(j), 924, and 924(a)(2). Consequently, Counts

Four, Five and Six are "of the same or similar character," and their joinder was proper under Rule 8(a).

In addition, the factual allegations of Count Four are based on the "same act or transaction" alleged in Counts One, Two and Three – the assault and/or attempted murder of Angel Sandoval on May 5, 2009. Thus, those offenses were also properly joined under Rule 8(a). See United States v. Wilkins, 253 Fed. Appx. 538, 2007 WL 3244569 (6th Cir. Nov. 1, 2007)(Joinder proper where firearms offenses on different dates were properly joined because they were of "same or similar character," and one of the firearms offenses was properly joined with other charges because they were part of "same act or transaction.")[1] As Defendants have not shown improper joinder, severance is not warranted under Rule 8(a).

Even if joinder of the counts was proper under Rule 8(a), the Defendants argue that the Court should sever the offenses under Fed. R. Crim. P. 14 because a joint trial of all the charges would be prejudicial to them. Rule 14 provides:

(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the

---

[1] Based on the face of the Superseding Indictment, one could also conclude that the factual allegations of Counts Five and Six – involving possession of stolen firearms – are part of the same act or transaction as the racketeering charges. In describing the racketeering activity underlying Counts One, Two and Three, the Superseding Indictment states:

4.      The above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving attempted murder. . . robbery. . . and narcotics trafficking. . .

(Docket No. 47, at p. 4 of 8). The crime of "robbery" alleged in this paragraph may include theft of the firearms that are the subject of Counts Five and Six. As the Court otherwise concludes that the counts are properly joined, however, it is unnecessary to rely on this connection.

government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Defendants argue that they will be prejudiced by a joint trial of all offenses because: (1) their status as convicted felons, admissible for the firearms charges, will prejudice the jury on the remaining charges; and (2) the fact that they had firearms in their home, admissible for the firearms charges, will prejudice the jury on the remaining charges. The Government argues that the Defendants have not demonstrated specific and compelling prejudice, or that the jury will be incapable of treating each count distinctively with appropriate jury instructions.

"'As a general rule, persons jointly indicted should be tried together.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008)(quoting United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987)). The court is to grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" Driver, 535 F.3d at 427 (quoting Zafiro, 506 U.S. at 539)). Thus, in order to prevail on a motion for severance, a defendant must show "compelling, specific, and actual prejudice" as a result of the court's refusal to grant a severance. Driver, 535 F.3d at 427. See also United States v. Deitz, 577 F.3d 672, 693-94 (6th Cir. 2009)(Defendant has "heavy burden" of demonstrating compelling prejudice from joinder of firearms and drug offenses).

The Court concludes that the Defendants have not demonstrated compelling, specific and actual prejudice will result from a joint trial that cannot be cured with appropriate limiting instructions regarding the consideration of particular items of evidence and regarding separate

consideration of each count.

Finally, the Defendants Juan Sanchez and Eric Sanchez argue that the Court should sever their trials because if they are not tried separately from each other on Counts One through Four of the Superseding Indictment, they will each be deprived of a crucial defense witness. The Defendants contend, in their briefs, that there are few witnesses to the alleged shooting of Angel Sandoval, which is the subject of those counts, and that they each have unique and special knowledge of important facts relating to that incident. The Defendants state that they will not testify in a joint trial because they will be impeached with their criminal record. If they are tried separately, they argue, they could each testify for the other without fear that their criminal record will affect the jury's finding on their own charges.

The granting of a severance of defendants is appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants. . ." United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996)(quoting Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). When a defendant contends that separate trials are necessary for a co-defendant to present exculpatory testimony, he is required to "set forth before the trial judge the substance of the proposed testimony and its exculpatory effect and to demonstrate that the codefendants would in fact testify at a severed trial." Cobleigh, 75 F.3d at 248 (citing United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987)). The Eleventh Circuit requires a defendant to demonstrate: "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial." United States v. Browne, 505 F.3d 1229, 1269 (11th Cir. 2007). Once the defendant makes this showing, the court must then:

"(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." <u>Id.</u>

At the hearing on the Motions, the Defendants declined to testify as to the proof they would offer at the trial of the other if severance were granted. Instead, the Defendants each presented an affidavit for the Court's consideration. Defendant Juan Sanchez states in his affidavit:

> 3. If I could testify at my brother's separate trial, I would testify that, as of May 5, 2009, Eric did not know Angel Sandoval and did not have reason to know why Sandoval was attacking me. My description of the altercation on May 5, 2009, would indicate Eric was acting only to protect me, his brother, from an assault.

Defendant Eric Sanchez states in his affidavit:

> 2. If my brother and I were tried separately, however, I would be willing to testify at his trial and could give testimony to support his defense of his racketeering charges. I anticipate that I could testify that I did not know Angel Sandoval or why he was fighting with my brother Juan Sanchez. I would also testify that I was only trying to protect my brother. I could provide exculpatory evidence as to my purpose.

As noted above, Defendant Eric Sanchez is charged with assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count One); attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Two); and discharging a firearm in furtherance of crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Four). In order to establish a violation of the first two counts, the Government must show: (1) an enterprise affecting interstate or foreign commerce existed; (2) the enterprise was engaged in racketeering activity; (3) the defendant had, or was seeking, a position in the enterprise; (4) the defendant committed the alleged crime of violence; and (5) the

defendant's general purpose in committing the assault with a dangerous weapon was to maintain or increase his position in the enterprise. See, e.g., United States v. Burden, 600 F.3d 204, 220 (2nd Cir. 2010); United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994).

In order to establish a violation of Count Four, the Government must show: (1) the defendant committed a crime of violence, that is assault with a dangerous weapon or attempted murder in aid of racketeering activity, which may be prosecuted in a court of the United States; (2) the defendant knowingly possessed[2] the firearm identified in Count Four; and (3) the possession of the firearm was in furtherance of the alleged crime of violence. See, e.g., United States v. Tyus, 379 Fed. Appx. 450, 2010 WL 2161824, at **2 (6th Cir. May 28, 2010).

In Count Three, Defendant Juan Sanchez is charged with being an accessory after the fact to violent crime in aid of racketeering, in violation of 18 U.S.C. § 3. In order to establish a violation of Count Three, the Government must show: (1) the defendant knew someone else had already committed the crime, in this case, the crimes allegedly committed by Defendant Eric Sanchez in Counts One and Two; (2) the defendant then helped that person try to avoid being arrested, prosecuted or punished; and (3) the defendant did so with the intent to help that person avoid being arrested, prosecuted or punished. Sixth Circuit Pattern Jury Instruction 4.02. (Proposed by Defendant Juan Sanchez in Docket No. 153).

Defendant Eric Sanchez has submitted a proposed jury instruction on a justification

---

[2]   Although the Superseding Indictment alleges that the Defendant possessed and discharged the firearm, the Sixth Circuit has held that "[t]he discharge element is not an element of the offense that must be proved beyond a reasonable doubt; rather it is a sentencing factor that may be found by a preponderance of the evidence by the sentencing judge." United States v. Flowers, 389 Fed. Appx. 476, 2010 WL 2993979, at **3 (6th Cir. July 22, 2010).

defense. (Docket No. 161).[3]  In that regard, the Sixth Circuit has held that the justification

defense arises "only in 'rare situations' and 'should be construed very narrowly.'" United States

v. Kemp, 546 F.3d 759, 765 (6th Cir. 2008) (quoting United States v. Singleton, 902 F.3d 471,

472 (6th Cir. 1990)).  To be entitled to an instruction on the defense, a defendant must make a

prima facie showing of each of the following elements:

> (1) The defendant reasonably believed there was a present, imminent, and impending threat of death or serious bodily injury to another;
>
> (2) The defendant had not recklessly or negligently placed another in a situation in which it was probable that he would be forced to choose the criminal conduct;
>
> (3) The defendant had no reasonable, legal alternative to violating the law;
>
> (4) The defendant reasonably believed his criminal conduct would avoid the threatened harm; and
>
> (5) The defendant did not maintain the illegal conduct any longer than absolutely necessary.

(Sixth Circuit Pattern Jury Instruction 6.07). See also United States v. Kemp, 546 F.3d at 765;

United States v. Ridner, 512 F.3d 846, 849, 850 (6th Cir. 2008).  The instruction is properly given

only "if the defendant produces evidence upon which a reasonable jury could conclude by a

preponderance of the evidence" that each of these factors has been met. Kemp, 546 F.3d at 765.

The Defendants have not specified the element or elements of the crime or crimes, or the

elements of any defense, they seek to challenge or support with the proposed testimony.  Nor

have they explained how the proposed testimony is necessary to support their theory of the case.

---

[3]  The proposal requests that the Court use a pattern jury instruction from the Eighth Circuit entitled "9.04.  Defense Of Third Person." (Docket No. 161).  Alternatively, the Defendant requests the Sixth Circuit's Pattern Jury Instruction on "6.07.  Justification."  As the Defendant has not suggested a reason for the Court to apply Eighth Circuit law on this issue, the Court will apply Sixth Circuit law on the justification defense.

Assuming the testimony is offered to support the proposed defense of justification, the Defendants have not cited any authority that the defense applies to the charges in Counts One, Two and Four.  Nor have they cited any authority as to whether state law defenses to assault and attempted murder apply to those offenses, <u>see, e.g.</u>, Tenn. Code Ann. §§ 39-11-612 ("Defense of Another"), or stated whether their proposed testimony is offered to support those state law defenses.

Nor have the Defendants explained how the proposed testimony satisfies the requirements for a justification defense.  The Defendants' affidavits refer to the altercation with Angel Sandoval as a "fight" or an "attack." They do not address whether the altercation involved "a present, imminent, and impending threat of death or serious bodily injury."  The Defendants' affidavits do not state how the encounter began, or whether the Defendant was "negligent" or "reckless" in creating the situation. The affidavits do not address whether there was any "reasonable, legal alternative" to the apparent shooting of the victim, whether the Defendant "reasonably believed his criminal conduct would avoid the threatened harm," or whether the alleged assault continued "any longer than absolutely necessary."

Absent more information, the Defendants leave the Court, at this pretrial stage of the proceedings, to speculate as to the importance of the proposed testimony based on little more than the allegations of the Superseding Indictment and their abbreviated affidavits.  Based on that speculation, the Defendants request that the Court order two separate trials with two separate juries, requiring that witnesses and other proof be presented at least twice.  Under these circumstances, the Court concludes that separate trials are not warranted because the Defendants have not met their burden of demonstrating the significance of the proposed testimony in relation

to their theory of the case, the exculpatory nature of the proposed testimony, or the extent to which they are prejudiced without the proposed testimony.

### III. Conclusion

For the reasons set forth above, the Defendants' requests for severance are denied.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE